IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEE TRUST LIFE INSURANCE COMPANY, an Illinois Mutual Insurance Company, | |
| Petitioner/Cross-Respondent, | Case No. 08 C 3103 |
| v. | Hon. Harry D. Leinenweber |
| AMERICAN UNITED LIFE INSURANCE COMPANY, an Indiana Stock Insurance Company, | |
| Respondent/Cross-Petitioner. | |

MEMORANDUM OPINION AND ORDER

This case involves the alleged breach of a reinsurance contract.

I. BACKGROUND

In 2001, Guarantee and American allegedly entered into certain quota share and excess reinsurance agreements whereby American was supposed to take a certain portion of Guarantee's College Book Insurance underwriting. In 2003, Guarantee sued American alleging that it had breached its agreement as to both types of reinsurance. American filed a Motion to Compel Arbitration alleging that the reinsurance agreements provided for such. This Court granted American's Motion with respect to the quota share claim, but denied the Motion with respect to the excess claim. The parties subsequently entered into an agreement to arbitrate the excess

claim along with the quota share claim. American filed a counterclaim in the arbitration proceeding praying for attorneys' fees caused by Guarantee filing suit in federal court rather than seeking arbitration.

The parties proceeded to arbitration and the arbitrator ultimately issued awards as follows:

- A. Awarded Guarantee $298,876 on its quota share claim. (Neither side objects to this aspect of the award.)

- B. Awarded American $95,500 on its counterclaim for attorneys' fees as a result of Guarantee filing the federal district court suit.

- C. Denied Guarantee's excess claims, but ordered American to refund $64,828 it had received in premiums, plus interest. The arbitrator conditioned the payment on Guarantee "providing an instrument acceptable to both [Guarantee and American], [in which Guarantee] shall hold [American] harmless as regards any demand from a third party regarding this premium. The hold harmless agreement shall be limited to the amount and interest received by Guarantee pursuant to this award."

Guarantee filed a petition with this court to vacate and American has filed a petition to confirm the $95,500 attorneys' fee award. In addition, the parties have not been able to come to an agreement as to the extent of the hold harmless agreement. With respect to the latter neither has asked the Court to refer this aspect of the award back to the arbitrator for clarification; they both contend that the wording is clear.

## II. **DISCUSSION**

With respect to the attorneys' fee award Guarantee says that it should be vacated for two reasons: first, the award is barred under principles of res judicata because this Court, in granting the motion to compel arbitration, did not award fees; and, second, the award exceeded the arbitrator's authority. With respect to Guarantee's first reason, it must be rejected because the Court's decision was not a final decision on the merits. The Court merely ordered the parties to arbitrate one portion of their dispute and stayed the balance of the case pending resolution of the arbitration. The question to be arbitrated was whether there was a breach of contract and, if so, what were the damages. The arbitrator found, in effect, that both sides had breached the contract and awarded Guarantee $298,876 on the quota share claim and American $95,500 on the breach of failure to arbitrate claim.

Guarantee's second reason does not fare any better. As American points out the Seventh Circuit has been adamant in expressing its view that courts will not review arbitral awards for legal or factual error. As that court pointed out: when parties agree to remove their dispute from the court system the courts will "neither deprive parties of the benefits, nor shield them from the pitfalls" of such agreement. *Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir., 2008). While review is available under the Federal Arbitration Act when an arbitrator exceeds his powers

(9 U.S.C. § 10(a)(4)), the review is limited and an award will not be set aside so long as the arbitrator was interpreting the parties' agreement. *Id.* Here the arbitrator obviously interpreted the parties' agreement to require arbitration and failure to arbitrate was a breach of the agreement justifying an award of damages equal to the attorneys' fees necessarily incurred.

The final matter that separates the parties is the interpretation of the arbitrator's award with respect to the return of the insurance premium. As shown above, the arbitrator ordered the return of an insurance premium plus interest conditioned on Guarantee giving American a hold harmless agreement. The agreement was to be limited to "the amount and interest received by [Guarantee] pursuant to this award." Apparently American interprets the monetary limit imposed by this language as being all the money awarded to Guarantee on all its claims, rather than the $68,386 plus interest. However, it appears to the court that the intention of the arbitrator was clear. The limit of the obligation to hold harmless is the $68,386 plus interest. This aspect of the award was for a particular claim "The Excess of Loss coverage issue: \*\*\* *For the year 2001-2002:* \*\*\* *Award etc.*" It only makes sense that the arbitrator was referring to the specific award for the Excess of Loss coverage for the year 2001-2002 and did not include the other aspects of the award.

### III. CONCLUSION

For the reasons stated herein, the Court:

1. confirms the arbitrator's award of attorneys' fees in the amount of $95,500 to American on its counterclaim; and

2. confirms the arbitrator's award of $68,386 plus interest to Guarantee subject to the condition imposed by the arbitrator that Guarantee execute an agreement to hold American harmless in the form proposed by Guarantee as an attachment to is response to the cross-petition of American.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: September 12, 2008